**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHRISTINA WILLIAMS, individually and as
personal representative on behalf of the wrongful
death beneficiaries of BRANDON MITCHELL**                                    **PLAINTIFF**

**V.**                                                        **CAUSE NO. 3:23-CV-161-TSL-MTP**

**MANAGEMENT & TRAINING CORPORATION;
VITALCORE HEALTH STRATEGIES; BOBBIE
HUNTER, JONATHAN CHANEY, PAMELA WATKINS,
EVELYN DUNN, STEVEN BONNER, and
JOHN AND JANE DOES 1-100**                                          **DEFENDANTS**

## ANSWER AND DEFENSES OF EVELYN DUNN

COMES NOW defendant Evelyn Dunn (hereinafter "Ms. Dunn" or "defendant"), by and through counsel, without waiving any defense of lack of personal jurisdiction, and, for answer to the complaint [1] filed by the plaintiff, states as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Without waiving any affirmative defense set forth herein, and answering the specific allegations of the complaint, defendant says:

**1.**

Defendant is without knowledge or information sufficient to form a belief as to any allegations of fact or law expressly or impliedly contained in paragraph 1 of the complaint.

**2.**

Defendant admits that this Court has federal-question jurisdiction and supplemental

1

jurisdiction of the state-law claims. Defendant denies that this court has diversity-of-citizenship jurisdiction. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the complaint.

**3.**

Defendant admits that venue is proper in this judicial district and admits that Lauderdale County is located within this judicial district. Defendant denies the remaining allegation of paragraph 3 of the complaint.

**4.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint or the footnote to paragraph 4.

**5.**

Defendant admits that during the time period referenced in the complaint Brandon Mitchell was an adult incarcerated at EMCF and that Brandon Mitchell was incarcerated at EMCF at the time of his death. Defendant denies the allegations of the second sentence of paragraph 5 of the complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

**6.**

The allegations of paragraph 6 of the complaint are not directed to this defendant so as to require a response. In any event, defendant would plead that she is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

**7.**

The allegations of paragraph 7 of the complaint are not directed to this defendant so as to

require a response. In any event, defendant would plead that she is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

**8.**

Defendant admits the allegations of the first sentence of paragraph 8 of the complaint. Defendant further admits that she may be served with process at her residence or at EMCF if she is found there and personally handed process. Defendant denies the remaining allegations of paragraph 8.

**9.**

Defendant admits the allegations of the first sentence of paragraph 9 of the complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

**10.**

Defendant admits the allegations of the first sentence of paragraph 10 of the complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

**11.**

Defendant admits that Bobbie Hunter was an employee of VitalCore at EMCF. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the complaint.

**12.**

Defendant admits that Steven Bonner was an employee of VitalCore at EMCF. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the complaint.

**13.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint.

**14.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint.

**15.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint.

**16.**

Defendant denies the allegations of the third sentence of paragraph 16 of the complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16.

**17.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

**18.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint.

**19.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint or the footnote to paragraph 19.

**20.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

**21.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint.

**22.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

**23.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

**24.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint.

**25.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint.

**26.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint.

**27.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 27 of the complaint.

**28.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint.

**29.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint.

**30.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint.

**31.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint.

**32.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the complaint.

**33.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint.

**34.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint.

**35.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the complaint.

**36.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the complaint.

**37.**

In response to the allegations in the first sentence of paragraph 37 of the complaint, defendant adopts and incorporates her responses set out in all preceding paragraphs as if fully set forth herein. Defendant denies the remaining allegations of paragraph 37. As to the allegations in the footnote appended to the heading immediately preceding paragraph 37 (footnote 3), defendant denies that she received a notice of claim pursuant to section 15-1-36 and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of footnote 3.

**38.**

The allegations of paragraph 38 of the complaint appear to be directed solely to MTC and the "John Doe" defendants and not to this defendant, so no response to the allegations is required, and defendant in any event would plead that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38. Defendant denies any allegations in paragraph 38 that may be directed to her.

**39.**

Defendant denies the allegations of paragraph 39 of the complaint.

**40.**

The allegations of paragraph 40 of the complaint appear to be directed to MTC and not to this defendant such that no response to the allegations is required, and defendant in any event would plead that she lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Defendant denies any allegations in paragraph 40 that may be directed to her.

**41.**

Defendant denies  the allegations of paragraph 41 of the complaint.

**42**.

The allegations of paragraph 42 of the complaint appear to be directed solely to MTC and not to this defendant, so that no response to the allegations is required, and defendant in any event would plead that she lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Defendant denies any allegations in paragraph 42 that may be directed to her.

**43.**

Defendant denies the allegations of paragraph 43 of the complaint.

**44.**

Defendant denies the allegations of paragraph 44 of the complaint.

**45.**

In response to paragraph 45 of the complaint, defendant adopts and incorporates her responses set out in all preceding paragraphs as if fully set forth herein.

**46.**

Defendant denies the allegations of paragraph 46 of the complaint.

**47.**

Defendant denies the allegations of paragraph 47 of the complaint.

**48.**

In response to paragraph 48 of the complaint, defendant adopts and incorporates her responses set out in all preceding paragraphs as if fully set forth herein.

**49.**

Defendant denies the allegations of paragraph 49 of the complaint.

**50.**

Defendant admits that she acted within the course and scope of her employment with regard to any consultation or treatment provided to Brandon Mitchell as alleged in the first sentence of paragraph 50 of the complaint and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of paragraph 50. Defendant denies the remaining allegations of paragraph 50.

**51.**

Defendant denies the allegations of paragraph 51 of the complaint.

**52.**

In response to paragraph 52 of the complaint, defendant adopts and incorporates her responses set out in all preceding paragraphs as if fully set forth herein.

**53.**

Defendant denies the allegations of paragraph 53 of the complaint.

**54.**

In response to paragraph 54 of the complaint, defendant adopts and incorporates her responses set out in all preceding paragraphs as if fully set forth herein.

**55.**

Defendant denies the allegations of paragraph 55 of the complaint.

**56.**

Defendant denies  the allegations of paragraph 56 of the complaint.

**57.**

In response to paragraph 57 of the complaint, defendant adopts and incorporates her responses set out in all preceding paragraphs as if fully set forth herein.

**58.**

Paragraph 58 of the complaint contains allegations against MTC and the Doe defendants to which no response from this defendant is required and to which in any event defendant would plead that she is without knowledge or information sufficient to form a belief as to the truth of such allegations. Defendant denies the remaining allegations of paragraph 58.

**59.**

Defendant denies the allegations of paragraph 59 of the complaint.

Defendant denies the allegations in the "Prayer for Relief," including subparagraphs (a) through (f) thereof, and denies that the plaintiff is entitled to any of the relief demanded therein or to any other relief whatsoever.

## <u>THIRD DEFENSE</u>

If defendant' s alleged acts are deemed to have been under color of state law, she is entitled to qualified immunity from suit and liability in that she did not violate any clearly established statutory or constitutional rights of the plaintiff of which a reasonable person in her position would have been aware and acted with objective reasonableness or in good faith.

## <u>FOURTH DEFENSE</u>

With respect to the claims asserted against this defendant, the complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure in that it fails to give a short and

plain statement of the claim or in that it fails to plead any non-conclusory allegations of wrongful conduct, and therefore such claims against this defendant should be dismissed.

### FIFTH DEFENSE

The plaintiff is precluded from maintaining a "survival" claim for damages allegedly sustained by Brandon Mitchell prior to his death arising from alleged violations of federal law because Mr. Mitchell could not have maintained such claims had he lived due to his failure to seek and exhaust administrative remedies available to him with respect to such alleged acts or omissions as required by the Prison Litigation Reform Act.

### SIXTH DEFENSE

To the extent that a good faith factual or legal basis exists or may hereafter be discovered, defendant affirmatively pleads that the alleged injuries and damages complained of by the plaintiff in the complaint were caused and/or contributed to by: preexisting medical conditions of the plaintiffs' decedent, Brandon Mitchell; and/or intervening causes unrelated to any health care services provided to Mr. Mitchell; and/or the actions or omissions of individuals or entities over which defendant exercised no control, including deliberate or negligent actions or omissions of the plaintiff or Brandon Mitchell, and for which said defendant bears no legal responsibility.

### SEVENTH DEFENSE

Defendant did not do or fail to do anything that caused or contributed to the alleged injuries or damages set forth in the complaint and breached no duty owed to Brandon Mitchell or the plaintiff.

### EIGHTH DEFENSE

Defendant was not negligent and did, in fact, exercise care, skill, and diligence in accord with all applicable standard(s) of care concerning the health care services, if any, provided to the

plaintiffs' decedent, Brandon Mitchell, and thus, no action lies herein against said defendant.

### NINTH DEFENSE

To the extent a good faith factual or legal basis exists or may hereafter be discovered, Defendant asserts the defenses of waiver and estoppel.

### TENTH DEFENSE

With respect to plaintiff's claims for medical negligence under state law, defendant asserts all defenses to such claims that may be applicable under section 15-1-36 of the Mississippi Code, including that the claims must be dismissed for failure to comply with pre-suit notice requirements of that statute.

### ELEVENTH DEFENSE

With respect to plaintiff's claims for negligence under state law, defendant invokes, reserves, and hereby pleads all applicable rights and defenses created by Miss. Code Ann. § 85-5-7, § 11-1-60, § 11-1-65, and by the Medical Malpractice Reform Act.

### TWELFTH DEFENSE

Punitive damages cannot be justified in this case, and any award of punitive or other extra-contractual damages against this defendant would be in violation of the constitutional safeguards provided to said defendant under the constitutions of the State of Mississippi and the United States of America and also specifically violative of the Mississippi Tort Claims Act. Specifically:

A.     Any imposition of punitive damages against this defendant in this cause would violate the due process clauses of the fourteenth amendment to the United States Constitution and of Article 3, Section 14 of the Mississippi Constitution of 1890 in that the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is

vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interests.

B.     Any imposition of punitive damages against this defendant in this case would constitute an excessive fine in violation of Article 3, Section 28, of the Mississippi Constitution of 1890 and of the due process clauses of the fourteenth amendment to the United States Constitution and of Article 3, Section 14, of the Mississippi Constitution of 1890.

C.     Any imposition of punitive damages against this defendant in this cause based on wealth would violate the equal protection clause of the fourteenth amendment to the United States Constitution.

D.     Any award of punitive damages against this defendant in this case would be violative of the procedural safeguards provided said defendant under the fourth, fifth and sixth amendments to the United States Constitution in that punitive damages are penal in nature, and this defendant is entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

E.     Any imposition of punitive damages against this defendant in this case would constitute an ex post facto law in violation of Article I, Section 10, Clause 1, of the United States Constitution and of Article 3, Section 16, of the Mississippi Constitution of 1890.

## THIRTEENTH DEFENSE

Defendant asserts the defenses of insufficiency of process and/or insufficiency of service of process and consequent lack of personal jurisdiction.

## FOURTEENTH DEFENSE

Defendant invokes, reserves, and hereby pleads all other applicable rights and defenses created by or otherwise enumerated in Rules 8 and 12 of the Federal Rules of Civil Procedure for

13

which a good faith factual or legal basis exists or may hereafter be discovered.

### FIFTEENTH DEFENSE

Defendant incorporates and adopts any other affirmative defenses asserted by any co-defendant that may be applicable to the claims against her.

**AND NOW**, having fully answered the complaint and set forth the affirmative defenses herein, Evelyn Dunn denies any and all liability and denies that the plaintiff is entitled to any recovery whatsoever and respectfully requests that the claims against her be dismissed with prejudice with all costs assessed to the plaintiff.

RESPECTFULLY SUBMITTED,

EVELYN DUNN, Defendant

By: _/s/ John G. Wheeler_____
    JOHN G. WHEELER
    Mississippi Bar No. 8622
    jwheeler@mitchellmcnutt.com

    MICHAEL CHASE
    Mississippi Bar No. 5969
    mchase@mitchellmcnutt.com

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
Telephone: 662-842-3871
Facsimile: 662-842-8450

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day electronically filed the foregoing  ANSWER AND DEFENSES OF EVELYN DUNN  with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court.

This, the 27th day of April, 2023

 */s/ John G. Wheeler*
JOHN G. WHEELER