**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHRISTINA WILLIAMS,**                                                        **PLAINTIFFS**
**Individually and as Personal Representative**
**On behalf of the Wrongful Death Beneficiaries of**
**BRANDON MITCHELL**

**v.**                                                **CIVIL ACTION NO.: 3:23-CV-161-TSL-MTP**

**MANAGEMENT & TRAINING CORPORATION,**
**VITALCORE HEALTH STRATEGIES, BOBBIE HUNTER,**
**JONATHAN CHANEY, PAMELA WATKINS, EVELYN**
**DUNN, STEVEN BONNER, and JOHN AND JANE DOES 1-100**          **DEFENDANTS**

---

## AGREED PROTECTIVE ORDER

---

The parties hereto having consented through their respective counsel for the entry of this Agreed Protective Order, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1.      This Protective Order shall govern all documents, filings, and testimony produced by the parties in this action that are designated as confidential.  Furthermore, this Protective Order shall govern all information derived from such documents and testimony, as well as all copies, excerpts, or summaries thereof.

2.      (a) The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Protective Order shall include:

        i.      All information and documents produced by Defendant(s) in this action that refer to, reflect upon, or relate to trade secrets or other confidential, proprietary, technical, business, or financial information that is not

1

generally known to the public, provided that Defendant(s) designate such information or documents as "confidential" on the face of the materials in an easily discernible manner;

ii   Any medical or financial information not generally available to the public, provided that a party designates such information or documents as "confidential" on the face of the materials in an easily discernible manner, provided that any document readily identifiable as a medical record is protected whether or not the designation "confidential" appears on its face;

(b) The descriptions in part (a) above include the information of third parties that is in the possession of a party, and a party will have standing to assert any objections to production that such third party would have and to enforce the provisions of this Protective Order with respect to such information.

3.     The information and documents protected by this Protective Order shall be referred to as "confidential materials." The restrictions contained herein regarding disclosure of confidential materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this action which contain or refer to the materials or information contained therein.

4.     "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the confidential materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

5.      Such confidential materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

a.      Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in this action;

b.      The parties in this action, including parties' employees who have a legitimate need for access to the materials in connection with the litigation;

c.      The Court, persons employed by the Court working on this action, and the jury;

d.      Court reporters at the proceedings in this action;

e.      Experts or consultants retained or consulted by the parties in connection with this action and other potential witnesses to the extent that their consultation or anticipated testimony relates to matters contained in the materials, but only as set out in Paragraph 6 below; and

f.      Deponents and trial witnesses, but only in the course of their testimony.

6.      Prior to making the disclosure of any confidential materials pursuant to subsection (e) of Paragraph 5, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Protective Order. Additionally, such persons shall state their consent in writing to the attorney to be bound by the terms of this Protective Order.  When such persons listed in subsection (e) are finished with the documents and/or the case is concluded (whichever is first) the documents will be returned and/or completely destroyed.

3

7.      In the event that any confidential materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits as "confidential." Moreover, the parties may, at the deposition or within thirty (30) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "confidential."

8.      This Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

9.      Upon request by the producing party, within ninety (90) days of the conclusion of this action as to all parties, confidential materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party. In the event counsel possesses attorney work-product containing or referring to confidential materials, such attorney work-product shall remain subject to the restrictions set forth in Paragraph 5 above or in the alternative may be destroyed.

10.     Nothing in this Protective Order shall prevent a party from any use of its own confidential materials. Moreover, nothing in this Protective Order shall limit the right of the parties to use confidential materials for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or other documents which may be prepared in connection with this action. However, in the event a party wishes to include confidential materials in any paper filed with the Court, the parties agree to follow the rules and procedures of this Court to file confidential materials under seal or, alternatively, under restricted access to court users and case participants only."

11.     The inadvertent or unintentional disclosure of any confidential materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential material disclosed or as to other related information.

12.     Any party may apply to the Court for relief from this Protective Order.  The party seeking relief from this Protective Order shall specify which information designated as "confidential" by the opposing party it wishes to disclose outside the confines of this action and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

13.     Before seeking relief from the Court due to an alleged violation of this Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

14.     The terms of this Protective Order are subject to modification, extension, or limitation only upon further order of the Court.

15.     The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

SO ORDERED this the 11th day of December, 2023.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

Agreed to by:

/s/ Charles R. Mullins
Charles R. Mullins (MSB #9821)
Courtney D. Sanders (MSB #106444)
Coxwell & Associates, PLLC
500 North State Street
Jackson, Mississippi 39201
(p) 601-948-1600
(f) 601-948-7097
chuckm@coxwelllaw.com
courtneys@coxwelllaw.com
*Attorneys for Plaintiff*


/s/ R. Jarrad Garner
R. Jarrad Garner (MSB #99584)
Mary Clark Joyner (MSB #105954)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(p) 601-353-3234
(f) 601-355-9708
jarrad.garner@arlaw.com
maryclark.joyner@arlaw.com
*Attorneys for Defendant Management &*
*Training Corporation*


/s/ Michael Chase
John G. Wheeler (MSB#8622)
Michael Chase (MSB #5969)
Mitchell, McNutt & Sams, P.A.
P.O. Box 7120
Tupelo, Mississippi  38802
(p) 662-842-3871
(f) 662-842-8450
jwheeler@mitchellmcnutt.com
mchase@mitchellmcnutt.com
*Attorneys for Defendants VitalCore*
*Health Strategies, LLC, Evelyn Dunn,*
*Bobbie Hunter, Jonathan Chaney,*
*Pamela Watkins, and Steven Bonner*

6